## SOLOMON MEAD *vs.* ISAAC STROUSE.

The plaintiff and defendant entered into a written contract by which the plaintiff sold all the ice in certain ice-houses to the defendant and the defendant agreed to furnish the plaintiff what ice he would need to supply certain customers during the season. In assumpsit for money paid for ice to supply these customers beyond the quantity which the defendant had furnished, it was held that the defendant could not show by parol evidence that it was agreed at the time the contract was made that the quantity of ice to be furnished by him should not exceed fifty tons.    •

The defendant had pleaded a general denial, without notice of any claim of fraud. Held that under this plea he could not show that the plaintiff had fraudulently represented to him, as an inducement to the execution of the contract, that he should not need and would not call for more than fifty tons of ice.

GENERAL ASSUMPSIT, brought to the Court of Common

Pleas of New Haven County, and tried to the court before *Peck, J.* Judgment for the plaintiff and motion for a new trial by the defendant. The case is fully stated in the opinion.

*Wright,* in support of the motion.

*Newton,* contra.

PHELPS, J. On the 28th day of June, 1873, the plaintiff and defendant entered into and executed the following contract, viz :—" This agreement this day made by and between Solomon Mead and. Isaac Strouse, both of the city of New Haven, witnesseth, that I, Solomon Mead, have this day sold to Isaac Strouse all the ice in the ice-houses known as Ives & Hull's, situated near the continuation of Oak street, in the town of Orange, as it now is both as to quantity and quality, the same to be under the disposal and control of said Strouse, except so much as may be needed by said Mead for the filling of his contracts to furnish ice for the season to four parties known and named to said Strouse, after said Mead shall have used up his stock of ice for the aforesaid purpose of supplying the four customers of said Mead, which ice he has in store in the ice house known as Warren's ice. house on Derby Avenue. And I the said Isaac Strouse hereby agree to keep in the house known as Ives and Hull's so much ice as said Mead shall need for the supply of his four customers before referred to, or otherwise to supply said Mead with ice for his use for this purpose at an equal convenience to said Mead. I also agree to pay for the ice purchased of said Mead the sum of seven hundred dollars, as witnessed by three notes of even date herewith."

The declaration contains a count upon one of the promisory notes mentioned in the foregoing contract, and the common indebitatus counts for money paid for ice to supply the customers referred to in said contract beyond what the defendant had reserved or furnished for that purpose.

To this declaration the defendant pleaded the statutory

general issue, with a notice that the plaintiff was indebted to the defendant for merchandize in a greater sum than the plaintiff's demand, with an offer of set-off and a claim for a balance.

To meet the claim of the plaintiff arising under the common counts the defendant offered evidence to prove that the contract between the parties was different from that executed, and contained a verbal stipulation which limited to fifty tons the quantity of ice which he was bound to reserve to enable the plaintiff to meet the demands arising from his agreement with the customers alluded to in the written contract.

This evidence was objected to by the plaintiff and excluded by the court on the ground that it contradicted or varied the terms of the writing. This ruling was in accordance with a well established and familiar legal principle. *Galpin* v. *Atwater*, 29 Conn., 97, and cases there cited.

The defendant also offered to prove that the plaintiff fraudulently made to him a verbal statement in connection with the written contract, that he would not need and would not demand of the defendant more ice than fifty tons for the supply of the aforesaid customers of the plaintiff, and that this statement was made to induce the defendant to sign the contract after he had previously refused to do so on account of the absence in it of the limitation in the quantity of ice above mentioned; and claimed that by those facts the plaintiff was equitably estopped from insisting that he was entitled to have reserved or furnished by the defendant a greater quantity of ice.

The court also properly excluded this evidence. The plea and notice of the defendant laid no foundation for it. The object of the defendant was, by proving fraud, to invalidate *pro tanto* the contract into which the parties had entered. This cannot under such circumstances be done under the general issue without a notice specifying the purpose which is sought to be accomplished. The evidence offered, and the claim of the defendant with respect to it, were entirely consistent with the fact of the execution and existence of the written contract, and with the material allegations in the

---

declaration, and were therefore matters of avoidance which should have been set up in the notice. *Mahaime Bank* v. *Douglass*, 31 Conn., 170; *Hoxie* v. *Home Insurance Company*, 32 id., 22.

We do not advise a new trial.

In this opinion the other judges concurred.